# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TONYA G. KINDLE,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-04-039-SPS |
| **JO ANNE B. BARNHART,** **Commissioner of the Social Security Administration,** | ) | |
| Defendant. | ) | |

## OPINION AND ORDER GRANTING
## APPLICATION FOR ATTORNEY'S FEES

The Plaintiff appealed a denial of benefits by the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g). The Court determined that the underlying decision by the ALJ was not capable of meaningful review, reversed it, and remanded for further proceedings. The Plaintiff thereupon filed an Application for Award of Attorney's Fees [Docket No. 18], to which the Commissioner objected on the theory that her position was "substantially justified" as contemplated by the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. For the reasons set forth below, the Court finds that the Plaintiff is entitled to an award of attorney's fees under the EAJA in the amount of $5,340.90.

A prevailing claimant in a social security appeal pursuant to 42 U.S.C. § 405(g) is entitled to an award of attorney's fees under the EAJA *unless* the Court finds that the position of the Commissioner was "substantially justified" or that special circumstances make an

award unjust. 28 U.S.C. § 2412(d)(1)(A). A position is "substantially justified" if it has a "reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). This reasonableness test can be separated into three parts: "the government must show 'that there is a reasonable basis . . . for the facts alleged . . . [;] that there exists a reasonable basis in law for the theory it propounds; and that the facts will reasonably support the legal theory advanced.'" *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992), *quoting Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988), *quoting United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir.), *cert. denied*, 469 U.S. 825 (1984). The reasonableness of the position taken "in the administrative proceedings and in the civil action" to obtain benefits are both considered. *Id., citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986).

It is the Commissioner's burden to prove that her position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). She quotes the Court's opinion that "it is not clear from the ALJ's decision whether he accepted or rejected claimant's diagnosis of fibromyalgia," and observes in response that "[i]t appeared clear to the Commissioner that the ALJ found Plaintiff's impairments included fibromyalgia." *See* Docket No. 19, p. 20. She also discusses the evidence underlying the ALJ's decision at great length. In essence, the Commissioner argues she was substantially justified in defending the ALJ's decision on appeal because it was correct.

One defect in the Commissioner's analysis is that she fails to quote the entire

statement made by the Court in its order of reversal: "Because it is not clear from the ALJ's decision whether he accepted or rejected claimant's diagnosis of fibromyalgia, *the Court cannot meaningfully review the ALJ's determination* and the decision is reversed." *See* Docket No. 16, p. 9 [emphasis added]. Another is the Commissioner's focus solely on the impairment found by the ALJ and not on his inconsistent treatment of the underlying diagnosis. As the Court noted in its order of reversal, the ALJ *did* find at step two that the Plaintiff's fibromyalgia was a severe impairment. *See* Docket No. 16, p. 8. This finding implies acceptance of the underlying diagnosis. But in his credibility analysis at step four, the ALJ essentially rejected the diagnosis, *i. e.*, he observed that the Plaintiff's test results did not support a diagnosis of fibromyalgia, and gave this as the principal reason for rejecting the Plaintiff's claim of disabling pain and fatigue. This is clearly inconsistent with the ALJ's finding at step two.

Perhaps as the Commissioner contends there *was* evidence supporting the ALJ's conclusion that the pain and fatigue suffered by the Plaintiff as a result of her fibromyalgia were not disabling, *i. e.*, the ALJ could have reached the same result without making contradictory findings as to the Plaintiff's diagnosis of fibromyalgia. But it is the duty of the ALJ, *not this Court on appeal*, to find and cite such evidence. *See, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a

position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991). Reversal of the ALJ's decision and remand for further analysis was therefore required in order to allow meaningful review by this Court, and it simply cannot be said that the Commissioner's position was substantially justified. *See, e.g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27, n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Because the Plaintiff was the prevailing party, and the Court does not find that the Commissioner's position was substantially justified, the Plaintiff is entitled to recover a reasonable attorney's fee under the EAJA. 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not argue that the fees requested by the Plaintiff are unreasonable. In connection with the appeal itself, the Plaintiff claims 30.2 hours of attorney time and 3.2 hours of paralegal work, for a total of $4,805.40. *See* Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 18]. In addition, the Plaintiff claims 3.5 hours of legal work ($535.50) spent resolving this fee dispute, *see* Plaintiff's Reply to Defendant's Response to Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 20], which the Plaintiff may also recover under the EAJA. *Commissioner of INS v. Jean,* 496 U.S. 154, 162 (1990) ("We find no textual or logical argument for treating so differently a party's

preparation of a fee application and its ensuing efforts to support that same application."). This results in a total fee of $5,340.90, which the Court finds is a reasonable attorney's fee for the services rendered to the Plaintiff in this case.

In summary, the Court does not find that the Commissioner's position was substantially justified as contemplated by 28 U.S.C. § 2412(d)(1)(A), and the Plaintiff is therefore entitled to recover an attorney's fee under the EAJA. The Court finds that $5,340.90 is a reasonable attorney's fee and hereby awards said amount to the Plaintiff as the prevailing party herein.

Accordingly, IT IS ORDERED that the Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 18] is hereby granted. IT IS FURTHER ORDERED that pursuant to the EAJA, the Commissioner shall pay $5,340.90 in attorney's fees to the Plaintiff as the prevailing party herein.

**IT IS SO ORDERED** this 10th day of May, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**